[Cite as *Canton v. Kavod*, 2024-Ohio-5384.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CITY OF CANTON, OHIO, ET AL., | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Appellees | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | Case No. 2024CA00040 |
| BEIT HA KAVOD | |
| Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
                              Common Pleas, Case No. 2023 CV 0448

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       November 12, 2024

APPEARANCES:


For Appellees                 For Appellant

KEVIN R. L'HOMMEDIEU          STEVEN W. MASTRANTONIO
PHILLIP D. SCHANDEL           DANIEL J. ORLANDO
RICHARD A. NICODEMO           The Nantucket Building, Suite 301
CARRIE T. D'ANDREA            23 South Main Street
Canton Law Department         Akron, Ohio 44308-1822
218 Cleveland Avenue, S.W.
Canton, Ohio 44701-4218

*Hoffman, J.*

**{¶1}** Defendant-appellant Beit Ha Kavod (hereinafter "the Synagogue") appeals the summary judgment entered by the Stark County Common Pleas Court granting Plaintiff-appellee City of Canton[1] (hereinafter "the City") injunctive relief and civil damages[2] on their complaint based on the Synagogue's violation of the fire code, and dismissing the Synagogue's counterclaim for religious discrimination.

STATEMENT OF THE FACTS AND CASE

**{¶2}** In 2013, the Synagogue purchased property, formerly known as the Timken Stables, at a tax foreclosure auction. The property is on the National Register of Historic Places, and prior to its purchase by the Synagogue, operated as a restaurant. The property had fallen into a state of disrepair.

**{¶3}** In 2018, the Synagogue attempted to repair the property, but did not use licensed contractors and did not obtain required permits. The City ordered the Synagogue to cease work. Officials from the City met with the Synagogue in 2018, to discuss repairs; however, the Synagogue lacked funds to repair the property, as the roof alone would cost more than $1 million to repair.

**{¶4}** The Canton Fire Department learned of possible violations of the Ohio Fire Code in July of 2019. The Fire Department inspected the property and cited the Synagogue for eight violations of the code. The Synagogue was given 30 days to repair the property, but fixed only two of the eight violations.

---

[1] Plaintiff Ohio Department of Commerce, Division of State File Marshall has not filed an appearance in this appeal.

[2] The amount of civil damages has been set for hearing at a future date. The trial court's entry of summary judgment recited there was no just cause for delay pursuant to Civ. R. 54(B).

**{¶5}** The Ohio State Board of Building Appeals (hereinafter "BBA") held a hearing on the citations in December of 2019. The Synagogue did not appear. The Board upheld four of the five violations which were before the BBA on appeal, relating to exit and emergency lights, obstructed egress, wiring, and roof instability. The Synagogue did not complete the repairs, and did not appeal the Board's decision.

**{¶6}** The City and the Ohio Department of Commerce, Division of the State Fire Marshal filed the instant action seeking injunctive relief and imposition of penalties associated with the Synagogue's failure to remedy the violations of the fire code upheld by the BBA. The Synagogue counterclaimed for religious discrimination pursuant to 42 U.S.C. §1983. The City moved for summary judgment.

**{¶7}** The trial court granted the motion for summary judgment as to injunctive relief as set forth in R.C. 3737.45 and the City's right to civil penalties; however, the trial court found the City was not entitled to summary judgment as to the amount of such penalties, and set the matter for further hearing. The trial court found the Synagogue failed to meet its burden on summary judgment as to its claim of religious discrimination, and dismissed the counterclaim. It is from the February 29, 2024 judgment of the trial court the Synagogue prosecutes its appeal, assigning as error:

> I. THE TRIAL COURT ERRED IN ITS DECISION TO GRANT APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON APPELLEE'S CLAIMS BECAUSE APPELLEE DID NOT MEET ITS BURDEN TO PRESENT RELEVANT UNDISPUTED FACTS ON SUMMARY JUDGMENT.

II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON APPELLANT'S FIRST AMENDMENT CLAIM UNDER 42 U.S.C. §1983 TO THE CITY AS APPELLANT PRESENTED SUFFICIENT EVIDENCE TO SHOW THAT THE APPELLEE HAD VIOLATED THE SYNAGOGUE'S CONSTITUTIONAL RIGHTS OF FREEDOM OF EXERCISE THROUGH THEIR TARGETED APPLICATION OF THE OHIO FIRE CODES.

**{¶8}** Both assignments of error argue the trial court erred in entering summary judgment.

**{¶9}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds

can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶10} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 1997-Ohio-259, citing *Dresher v. Burt*, 1996-Ohio-107.

{¶11} It is pursuant to this standard of review we address both of the Synagogue's assignments of error.

I.

{¶12} In its first assignment of error, the Synagogue argues the trial court erred in granting summary judgment on the City's complaint because the City failed to present sufficient evidence the violations of the fire code present dangerous conditions as required by statute, and the City failed to provide the Synagogue with reasonable time in which to abate the violations of the fire code.

**{¶13}** R.C. 3737.45 provides:

If any responsible person fails to comply with an order of the fire marshal, an assistant fire marshal, or a certified fire safety inspector as finally affirmed or modified by the state board of building appeals under section 3737.43 of the Revised Code, within the time fixed in the order, then the fire marshal, assistant fire marshal, or certified fire safety inspector may file a complaint in the court of common pleas of the county where the property is located for a court order authorizing the fire marshal, assistant fire marshal, or certified fire safety inspector to cause the building, structure, or premises to be repaired or demolished, materials to be removed, and all dangerous conditions to be remedied, if such was the mandate of the order as affirmed or modified by the state board of building appeals, at the expense of the responsible person. If the responsible person, within thirty days thereafter, fails, neglects, or refuses to pay the expense that would be incurred in enforcing the order of the court of common pleas under this section, the court shall order that the real estate upon which the building, structure, or premises is or was situated be sold pursuant to Chapter 2329. of the Revised Code, except as otherwise provided in this section. The proceeds of the sale shall be credited to the fire marshal's fund. The fire marshal shall use the proceeds of the sale to cause the repair or demolition of any building, structure, or premises, the removal of materials, or the remedy of all dangerous conditions unless the purchaser of the real estate

enters into an agreement with the court to perform the repair, demolition, removal, or remedy within a time period acceptable to the court. No bid of a prospective purchaser shall be acceptable which is insufficient to pay the expense that the fire marshal would incur. If the amount received from the sale exceeds the expense that the fire marshal would incur, the court shall direct the payment of the surplus first to those parties with encumbrances, mortgages, or liens on the real estate in order of their priority, and then to the responsible person or into the court for its use and benefit.

{¶14} The Synagogue argues the language of the statute requires the City to come forth with evidence of dangerous conditions on the property in the instant action. We disagree.   R.C. 3737.45 provides a mechanism by which the order of the city fire department, as affirmed or modified by the BBA, may be enforced by the common pleas court.  The "dangerous conditions to be remedied" were previously determined by the BBA, and need not be relitigated in the common pleas court action to enforce the BBA's decision upon the Synagogue's failure to remedy the conditions.  We find the Synagogue is bound by the decision of the BBA regarding the dangerous conditions which need to be remedied on the property, and the City is not required to relitigate those issues previously determined by the BBA.  By the plain language of the statute, the City need only demonstrate the Synagogue has failed to comply with the BBA's order within the time fixed in the order in order to be entitled to injunctive relief.  The facts are undisputed in this case the Synagogue failed to comply with the order within the 90 days fixed in the order.  We find the trial court did not err in granting summary judgment to the City without

requiring the City to prove dangerous conditions exist on the property, as such issue was already determined by the BBA, and the Synagogue failed to appeal the BBA's decision.

{¶15} The Synagogue also argues the City did not give it a reasonable time to abate the conditions, and is therefore barred from applying for injunctive relief under R.C. 3737.45. R.C. 3737.42(B) provides:

(B) If, upon inspection or investigation, the fire marshal, an assistant fire marshal, or a certified fire safety inspector believes that the state fire code or an associated order has been violated, or if an authority having jurisdiction believes that section 3737.07 of the Revised Code has been violated and that the school governing authority is not actively taking steps to achieve compliance within the time prescribed by division (H)(1) of that section, the fire marshal, assistant fire marshal, certified fire safety inspector, or authority having jurisdiction shall, with reasonable promptness, issue a citation to the responsible person. Each citation shall be in writing and shall describe with particularity the nature of the violation, including a reference to the provision of the state fire code or associated order alleged to have been violated. In addition, the citation shall fix a reasonable time for the abatement of the violation. When the citation is issued by a certified fire safety inspector, an assistant fire marshal, or an authority having jurisdiction other than the fire marshal, a copy of the citation shall be furnished to the fire marshal.

**{¶16}** The citation was issued in August of 2019, and gave the Synagogue thirty days to make repairs, which the Synagogue argues was not a reasonable amount of time. However, we find the appropriate forum in which to challenge the reasonableness of the thirty-day abatement period was the hearing before the BBA. R.C. 3737.43 provides:

(A) If, after an inspection or investigation, the fire marshal, an assistant fire marshal, or a certified fire safety inspector issues a citation under section 3737.41 or 3737.42 of the Revised Code, the issuing authority shall, within a reasonable time after such inspection or investigation and in accordance with Chapter 119. of the Revised Code, notify the responsible person of the citation and penalty, if any, proposed to be assessed under section 3737.51 of the Revised Code, and of the responsible person's right to appeal the citation and penalty, under Chapter 119. of the Revised Code, to the state board of building appeals established under section 3781.19 of the Revised Code within thirty days after receipt of the notice.

(B) If the responsible person is aggrieved by an order of the board, the person may appeal to the court of common pleas where the property that is the subject of the citation is located, within thirty days after the board renders its decision.

**{¶17}** The Synagogue failed to appear for the hearing before the BBA, and failed to appeal the decision of the BBA to the common pleas court. We find the Synagogue

cannot now attempt to litigate for the first time the issue of the reasonableness of the abatement time given by the City in the original citation.

**{¶18}** In addition, the undisputed evidence establishes the City had been involved with the Synagogue in an attempt to resolve the problems with the property since October, 2018, nearly a year before the citation was issued by the City providing an additional 30 days for repairs. Further, while the Synagogue presented evidence the City halted the Synagogue's attempts to repair the property, the evidence is undisputed the City ordered work to be halted because the Synagogue did not hire proper contractors and obtain the proper permits.

**{¶19}** The first assignment of error is overruled.

II.

**{¶20}** In its second assignment of error, the Synagogue argues the trial court erred in granting summary judgment dismissing its counterclaim for religious discrimination under 42 U.S.C. §1983.

**{¶21}** In a case such as the instant case where the City's action is not facially unconstitutional, the Synagogue must show the City intentionally sought to burden religious activities, and there was a disparate impact. *Prater v. City of Burnside Ky.,* 289 F. 3d 417, 428 (6th Cir. 2002). An inference of religious discrimination based upon disparate treatment requires evidence demonstrating a party was treated differently from a similarly situated party with a different religious affiliation. *Id., citing Vandiver v. Hardin County Bd. of Educ.,* 925 F.2d 927, 934 (6th Cir. 1991).

**{¶22}** The Synagogue failed to demonstrate it was treated differently from similarly situated parties with different religious affiliations. The Synagogue argues the affidavit of

Scott Winkhart demonstrates the City issued notice of violations of the fire code to 48 properties owned by religious organizations, yet none of these organizations were officially cited, demonstrating disparate treatment.  However, Winkhart's affidavit also avers, "All of these 48 organizations fixed the violations, and none therefore required an official citation from Canton."  Winkhart Aff. ¶13.  We find the Synagogue has not demonstrated disparate treatment because it is not similarly situated to the other 48 religious organizations, having failed to make the repairs prior to official citation.  We find the trial court did not err in granting summary judgment dismissing the Synagogue's counterclaim.

{¶23}  The second assignment of error is overruled.

{¶24}  The judgment of the Stark County Common Pleas Court is affirmed.

By: Hoffman, J.
Delaney, P.J.  and
Gwin, J. concur